## J. O. MORROW v. THE STATE.

### No. 5808.  Decided April 28, 1920.

**1.—Embezzlement—Insufficiency of the Evidence.**

Where, upon trial of embezzlement, alleging that defendant embezzled a certain check, there was no proof that the check had been converted into money, the allegation that the defendant was guilty of a fraudulent appro- priation of the money was not supported by the proof.

**2.—Same—Charge of Court—Requested Charges—Fiduciary Relations Absent.**

Where, upon trial of embezzlement there was evidence as to defendant's right to retain the alleged funds, and no proof of his fiduciary relations, the court should have submitted requested charges on that issue and his failure to do so is reversible error.

Appeal from the County Court of Hunt.  Tried below before the Honorable A. J. Gates.

Appeal from a conviction of embezzlement; penalty: a fine of twenty dollars and twenty days confinement in the county jail.

The opinion states the case.

*Clark & Sweeton,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for embezzlement.  The ap- pellant was a constable in a precinct in which O'Neal was justice of peace.  Te appellant told one Dale that he had been gambling; this Dale admitted, and stated he would readily plead guilty and take the lowest fine, which appellant said would amount to $21.70.  Dale gave the appellant a check for $21.70 for the purpose of paying the fine and costs.  It does not appear to whom the check was payable, nor that it was ever collected, nor was its value proved.  Dale, learning from the justice of the peace that the fine had not been paid, taxed appellant with it, and he claimed that the justice of the peace was in debt to him, and that he would adjust it all right.  O'Neal testified that the appellant reported to him that Dale had been guilty of vio- lating the gaming law, and that he, O'Neal, placed upon the docket a charge against Dale, and appellant told him that he had authority from Dale to plead.guilty, and had collected the lowest fine and costs, $21.70, but "would never enter the plea and would never pay the money, and no part of it had been paid."  It was customary for the constable when learning of a violation of the law to collect the fine, and he frequently entered pleas of guilty, upon which the justice would write a judgment of conviction.  There was a controversy, ac-

cording to the justice of the peace, between him and appellant, appellant claiming that O'Neal owed him $70, and O'Neal claiming that appellant owed him $134.90, all of these matters, as we understand the record, growing out of the collections by one or the other of fines and costs. Out of the $21.70 collected, appellant was entitled to $3 as costs. This is a substantial statement of all the facts proved.

There are several counts in the information, one charging embezzlement of the check, one charging that the appellant had received $21.70 in money by means of the check, and had embezzled the money. The court submitted to the jury upon which the verdict was found is that charging the embezzlement of money. The record being bare of any proof that the check had been converted into money, the verdict finding the appellant guilty of the fraudulent appropriation of the money is without support in the evidence.

There being testimony to the effect that in the dealings between O'Neal and appellant they each made collections of fines and costs, and that at the time of the alleged offense there were in the hands of O'Neal on this account something over $70 which the appellant claimed was due him, there arose an issue of fact for the jury, we think, as to whether the appellant, as between him and O'Neal, had the right to retain any funds that he might have collected in this transaction as an offset to the amount of funds already in the hands of O'Neal belonging to the appellant. The transaction was to be treated as one between O'Neal and appellant. Dale was not indebted to the State under the facts, because there had been filed against him no sworn complaint, no trial had been had, no plea and no judgment had been entered. By numerous special charges which were requested and refused, to which exception was reserved bringing the ruling up for review, the appellant sought to have this question of fact submitted to the jury. In our judgment, there was error in refusing to put the issue before the jury for solution.

The errors pointed out require a reversal of the judgment, which is ordered.

*Reversed and remanded.*